COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


HERBERT W. LUX, JR.
                                         OPINION BY
v.        Record No. 1304-96-2      JUDGE LARRY G. ELDER
                                         APRIL 22, 1997
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                  H. Selwyn Smith, Judge Designate

           Muriel-Theresa Pitney, Senior Assistant
           Public Defender, for appellant.

           John K. Byrum, Jr., Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Herbert W. Lux, Jr. (appellant) appeals an order of the

trial court revoking his suspended jail sentence from a previous

conviction.  He contends that the trial court erred when it

denied his motion to disqualify the Commonwealth's attorney.  For

the reasons that follow, we reverse and remand.

                              I.

                            FACTS

     In January, 1994, a jury convicted appellant of "grand

larceny by false pretenses" and "grand larceny -- mechanic's lien

fraud" and acquitted him of "construction lien fraud."  Appellant

represented himself pro se at his trial but received assistance

from a public defender assigned to his case.  After he was

convicted but before he was sentenced, appellant dismissed the

public defender as his counsel.  In March, 1994, the trial court

sentenced appellant to nine months in jail but suspended this sentence on the condition that appellant pay restitution to the victims of his larcenies. Appellant appealed his convictions to both this Court and the Virginia Supreme Court, and his petitions were denied. Appellant then filed notice of his intent to appeal to the United States Supreme Court.

On July 1, 1995, the public defender who assisted appellant at his trial was hired to work in the Commonwealth's Attorney's office. The office purportedly established a "chinese wall" procedure that prohibited the public defender from participating in any of the proceedings against appellant. The Commonwealth's attorney made this assertion during his argument at the hearing on appellant's motion to disqualify but offered no evidence proving the existence or nature of the screening procedures utilized.

On January 4, 1996, before the time had expired for the filing of appellant's appeal to the United States Supreme Court, the Commonwealth moved the trial court to revoke appellant's suspended jail sentence. At a show cause hearing, the trial court found that appellant had violated the conditions of his suspended sentence by not paying restitution to his victims. The trial court continued the matter for sentencing at a date after the conclusion of appellant's appeal to the United States Supreme Court.

On January 11, 1996, appellant, acting pro se, filed a civil

action in federal court against the Commonwealth's attorney and one of the victims of his larcenies. In his civil complaint, appellant alleged that the Commonwealth's attorney and the victim had violated 42 U.S.C. § 1983 by conspiring to maliciously prosecute him for construction lien fraud, the charge of which he was acquitted at his trial in 1994.

On January 25, 1996, the time period expired for appellant to file his petition for a writ of certiorari to the United States Supreme Court pertaining to his 1994 convictions. Appellant had failed to perfect his appeal.

On April 15, 1996, while appellant's federal civil action was pending, appellant moved the trial court to disqualify the Commonwealth's attorney and appoint a special prosecutor. Appellant argued that the Commonwealth's attorney's status as a party in civil litigation involving appellant and the employment by the Commonwealth's Attorney's office of appellant's former trial counsel created an unconstitutional conflict of interest. The trial court denied appellant's motion and continued the revocation proceeding until June 5. On June 5, the trial court concluded that appellant was still in contempt of its restitution order and ordered him to serve the remaining seven months of his jail sentence.

## II.

### DISQUALIFICATION OF COMMONWEALTH'S ATTORNEY

Appellant contends that the trial court committed reversible

error when it denied his motion to disqualify the Commonwealth's attorney. Appellant argues that the Commonwealth's attorney was disqualified by virtue of his personal interest in appellant's federal civil action and by the conflicting interest imputed to him by the employment in the Commonwealth's Attorney's office of appellant's former counsel. We hold that appellant's § 1983 action against the Commonwealth's attorney did not create an unconstitutional conflict of interest but that the trial court abused its discretion when, under the circumstances presented, it failed to disqualify the Commonwealth's attorney based upon the Commonwealth's Attorney's employment of appellant's former counsel.

A.

Prosecuting attorneys have broad discretionary power over criminal defendants at several stages of the criminal process. See Wayte v. United States, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). Within limits, prosecutors decide whether or not to prosecute an individual, determine the exact charges for which an individual will be tried, and, if the individual is convicted, recommend the magnitude and nature of the individual's sentence. Id. (citing Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L.Ed.2d 604 (1978)). "There is no doubt that the breadth of discretion that our country's legal system vests in prosecuting attorneys carries with it the potential for individual and institutional abuse."

<u>Bordenkircher</u>, 434 U.S. at 365, 98 S. Ct. at 669.

In order to protect prosecutorial impartiality, a trial court has the power to disqualify a Commonwealth's attorney from proceeding with a particular criminal prosecution if the trial court determines that the Commonwealth's attorney has an interest pertinent to a defendant's case that may conflict with the Commonwealth's attorney's official duties. <u>See</u> <u>People v. Hamilton</u>, 46 Cal.3d 123, 141, 249 Cal.Rptr. 320, 328, 756 P.2d 1348, 1357 (Cal. 1988), <u>cert. denied</u>, 489 U.S. 1040, 109 S. Ct. 1176, 103 L.Ed.2d 238 (1989); 63A Am.Jur.2d <u>Prosecuting Attorneys</u> § 30-32 (1984); 27 C.J.S. <u>District and Prosecuting Attorneys</u> § 12(6) (1959); <u>see</u> <u>generally</u> T.J. Griffin, <u>Disqualification of Prosecuting Attorney on Account of Relationship with Accused</u>, 31 A.L.R.3d 953 (1970). A Commonwealth's attorney's duties include the impartial prosecution of those accused of crime and the duty to see that an accused is accorded a fair trial. <u>See</u> <u>Commonwealth v. Kilgore</u>, 15 Va. App. 684, 693, 426 S.E.2d 837, 842 (1993); <u>Cantrell v. Commonwealth</u>, 229 Va. 387, 393, 329 S.E.2d 22, 26 (1985).

Criminal defendants are afforded constitutional protection against prosecutors who are partial to interests beyond their official duties. The due process rights of a criminal defendant under both the Virginia and United States Constitutions are violated when the defendant is prosecuted by a Commonwealth's attorney who has a conflict of interest relevant to the

defendant's case.[1]  See Cantrell, 229 Va. at 394, 329 S.E.2d at 26-27 (holding that "[a] conflict of interest on the part of the prosecution" violates the Due Process Clause of the Virginia Constitution); Ganger v. Peyton, 379 F.2d 709, 714 (4th Cir. 1967) (holding that an attempt by a prosecuting attorney to serve two masters violates the Due Process Clause of the Fourteenth Amendment).  The specific due process right implicated when a Commonwealth's attorney has a conflict of interest is the defendant's right to the "fair minded exercise of the prosecutor's discretion."  Ganger, 379 F.2d at 712.

The decision whether to disqualify a Commonwealth's attorney in a particular case is committed to the sound discretion of the trial court.  Hamilton, 46 Cal.3d at 140, 249 Cal.Rptr. at 328, 756 P.2d at 1356.  The issue generally arises in at least two situations:

> [t]he first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. . . .  A second [situation] is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question.

Nicholas v. Sammons, 178 W.Va. 631, 633, 363 S.E.2d 516, 518

---

[1]  Due process protections apply to post-conviction proceedings to revoke a defendant's suspended sentence.  See Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 295 (1992).

(1987).  A trial court should grant a criminal defendant's motion to disqualify under circumstances where it can be reasonably inferred that the Commonwealth's attorney has either a personal interest in the outcome of the prosecution or an interest arising from his or her former representation of the defendant that conflicts with the fair minded exercise of his or her prosecutorial discretion.  See Kilgore, 15 Va. App. at 694-95, 426 S.E.2d at 843; State v. Knight, 168 W.Va. 615, 625, 285 S.E.2d 401, 407 (1981); Ganger, 379 F.2d at 712-13, 714.[2]

We hold that the trial court did not abuse its discretion when it determined that appellant's § 1983 action against the Commonwealth's attorney failed to warrant the Commonwealth's attorney's disqualification.  At the time appellant filed the civil action on January 11, the revocation proceeding had already been initiated and partially litigated.  Thus, the danger posed by appellant's lawsuit was the possible conflict between the Commonwealth's attorney's interest in avoiding financial loss and

---

[2]  Virginia courts have identified three scenarios in which a Commonwealth's attorney has an unconstitutional conflict of interest precluding his prosecution of a criminal defendant.  In Cantrell, the Virginia Supreme Court held that a special Commonwealth's attorney unconstitutionally attempts to serve two masters when he or she prosecutes a criminal defendant after undertaking representation of the crime victim in a civil action against the defendant.  229 Va. at 394, 329 S.E.2d at 26.  In Kilgore, we held that a Commonwealth's attorney violates a defendant's due process rights if he or she participates in the defendant's prosecution after either (1) representing the defendant in the same matter or (2) working as a member of a firm in which a partner represented the accused in the same matter. 15 Va. App. at 694-95, 426 S.E.2d at 842-43.

damage to his professional reputation and the impartial exercise of his discretion in recommending a sentence.

We cannot say that the trial court abused its discretion because appellant's § 1983 action did not create an actual conflict of interest for the Commonwealth's attorney. The Commonwealth's attorney was absolutely immune from any liability for the actions complained of by appellant in his civil suit. In suits against executive officials under § 1983, these officials are afforded either qualified immunity or absolute immunity. See Buckley v. Fitzsimmons, ___ U.S. ___, ___, 113 S. Ct. 2006, 2613, 125 L.Ed.2d 209 (1993). Under qualified immunity,

> government officials are not subject to damages liability for the performance of their discretionary functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). With absolute immunity, government officials have "absolute protection from damages liability." Id. While state prosecutors have qualified immunity from liability under § 1983 for actions performed in their administrative and investigative functions, id. at ___, 113 S. Ct. at 2615-16,[3] they enjoy absolute immunity from monetary

---

[3] Administrative and investigative functions for which prosecuting attorneys are entitled to qualified immunity include giving legal advice to the police, making statements to the media, and engaging in the preliminary investigation of an unsolved crime. See Burns v. Reed, 500 U.S. 478, 496, 111 S. Ct. 1934, 1944-45, 114 L.Ed.2d 547 (1991) (legal advice to police);

-8-

judgments for actions "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution and . . . presenting the state's case."  Imblar v. Pachtman, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995, 47 L.Ed.2d 128 (1976).  This absolute immunity includes a prosecutor's involvement in an alleged conspiracy to initiate a malicious prosecution.  See Elder v. Athens-Clarke Cty., Ga. through O'Looney, 54 F.3d 694, 695 (11th Cir. 1995); Rose v. Bartle, 871 F.2d 331, 347 (3rd Cir. 1989).  Because the dismissal of the § 1983 action on immunity grounds was assured, the Commonwealth's attorney had no personal interest in the lawsuit that might interfere with his decision to recommend either a partial or total revocation of appellant's suspended jail sentence.

B.

Appellant contends that the employment of his former counsel by the Commonwealth's Attorney's office also disqualified the Commonwealth's attorney from prosecuting the motion to revoke appellant's suspended sentence.  Appellant argues that the former public defender was disqualified because he represented appellant in the same matter and that this conflict of interest should be imputed to other members of the Commonwealth's Attorney's office.  We agree because the Commonwealth failed to prove that it utilized effective screening procedures to prevent improper

---

Buckley, ___ U.S. at ___, 113 S. Ct. at 2616-17, 2617 (investigating unsolved crimes and making statements to media).

contact between appellant's former counsel and the Commonwealth's attorney handling the revocation proceeding.

Appellant presents an issue of first impression in Virginia: whether an entire Commonwealth's Attorney's office is disqualified from prosecuting a case against a defendant when an attorney who previously counseled the defendant in a related matter joins the office. It is well established that "a due process violation occurs when, subsequent to the establishment of an attorney-client relationship, the attorney participates in the prosecution of his former client." Kilgore, 15 Va. App. at 694, 426 S.E.2d at 843; see also Thompson v. State, 246 So.2d 760, 763 (Fla. 1971). A different question is presented, however, when the defendant's lawyer-turned-prosecutor has knowledge of relevant client confidences but is screened from participating in the defendant's prosecution.

Courts in other jurisdictions are divided as to whether the presence of a criminal defendant's former counsel in a prosecutor's office automatically precludes the entire office from proceeding against the defendant in a related matter. The majority of jurisdictions do not per se disqualify the entire prosecutor's office solely because one member of the staff had represented the defendant in a related matter. Instead, these jurisdictions permit another prosecutor to handle the case if the defendant's former counsel has been effectively screened from participating in the prosecution. See State v. Pennington, 851

P.2d 494, 498 (N.M. 1993), <u>cert. denied</u>, 852 P.2d 682 (citing cases in 20 states and 2 federal circuits that follow the majority rule).  These courts hold that a prosecutor's public duty to seek justice rather than profits in combination with an effective "chinese wall" provides an adequate safeguard against the improper disclosure of a defendant's confidences.  <u>See</u> <u>id.</u> at 498-500; <u>In re Grand Jury 91-1</u>, 790 F.Supp. 109, 112 (E.D.Va. 1992) (citing <u>United States v. Caggiano</u>, 660 F.2d 184, 191 (6th Cir. 1981)).  These courts also hold that a <u>per</u> <u>se</u> rule results in the unnecessary disqualification of prosecutors in cases where the risk of a breach of confidentiality is slight and inhibits the ability of prosecuting attorney's offices to hire the best possible employees.  <u>Pennington</u>, 851 P.2d at 499; <u>State v. Camacho</u>, 406 S.E.2d 868, 874 (N.C. 1991).

Jurisdictions that follow the minority rule prohibit screening to remedy imputed conflicts and <u>per</u> <u>se</u> disqualify the entire prosecutor's office, regardless of the good faith intent and motivation of the prosecutors involved.  <u>See</u> <u>State v. Latique</u>, 108 Ariz. 521, 522-23, 502 P.2d 1340, 1341-42 (1972); <u>Younger v. Superior Court</u>, 77 Cal.App.3d. 892, 896, 144 Cal.Rptr. 34, 37 (Cal. Ct. App. 1978); <u>People v. Stevens</u>, 642 P.2d 39, 41 (Colo. Ct. App. 1981); <u>State v. Cooper</u>, 63 Ohio. Misc. 1, 6-7, 409 N.E.2d 1070, 1073 (1980); <u>People v. Shinkle</u>, 51 N.Y.2d 417, 420-21, 434 N.Y.S.2d 918, 920, 415 N.E.2d 909, 910-11 (1980).  Courts in these jurisdictions hold that a <u>per</u> <u>se</u> rule is required

to preserve public confidence in the criminal justice system by eliminating any appearance of impropriety.  See Stevens, 642 P.2d at 41 (citing Shinkle, 51 N.Y.2d at 420-21, 434 N.Y.S.2d at 920, 415 N.E.2d at 910).

We hold that the employment of a criminal defendant's former counsel in a Commonwealth's Attorney's office does not per se disqualify the entire office from handling the prosecution of the defendant's case in a related matter.  Instead, whether the apparent conflict of interest created when a criminal defendant's former counsel joins a Commonwealth's Attorney's office justifies the disqualification of other members of the office is a matter committed to the exercise of discretion by the trial court. Pennington, 851 P.2d at 500.  We believe that a more flexible, case-by-case approach enables a trial court to protect a criminal defendant from the due process concern at issue -- the disclosure of confidences revealed to his attorney during the attorney-client relationship -- while avoiding unnecessary disqualifications and other disruptive effects that a per se rule would have on Commonwealth's Attorney's offices.

We are mindful of the opinion of the Virginia State Bar's Standing Committee on Legal Ethics and Unauthorized Practice of Law that holds that "chinese walls" or other screening procedures do not cure imputed conflicts within a Commonwealth's Attorney's office.  See Virginia State Bar Standing Committee on Legal Ethics and Unauthorized Practice of Law, Opinion No. 1020 (Jan.

21, 1988) (holding that the plan for erecting a "chinese wall" within a Commonwealth's Attorney's office does not eliminate any potential imputed conflicts arising under Rules of the Supreme Court of Virginia Pt. 6, § II, DR 5-105).  While we agree that an ethical rule that strives to avoid the appearance of impropriety is a worthy standard for professional conduct, a criminal defendant's constitutional right to due process does not entitle him to a prosecution free of such appearances.  Cf. Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (stating that a defendant's Sixth Amendment right to counsel is not violated when his lawyer has a "possible" or "potential" conflict of interest).  Instead, a criminal defendant is denied due process only when his former counsel joins a Commonwealth's Attorney's office and is not effectively screened from contact with the Commonwealth's attorneys who are handling the defendant's case on a related matter.[4]  See Thompson, 246

---

[4]  Screening procedures such as "chinese walls" are utilized in other contexts in the criminal process.  For example, in Welsh v. Commonwealth, the defendant in a state criminal proceeding was granted immunity from federal prosecution and compelled to testify before a federal grand jury and at a federal criminal trial.  246 Va. 337, 341-42, 437 S.E.2d 914, 915-16 (1993).  In order to prevent the state prosecution from being unconstitutionally tainted by information obtained from the defendant under his federal grant of immunity, the Commonwealth's attorneys in Welsh established a "chinese wall" between themselves and the information known to federal prosecutors regarding the defendant's immunized testimony.  Id. at 346-47, 437 S.E.2d at 918-19.  This chinese wall was an integral component of the Commonwealth's case to show that its prosecution of the defendant was based on information wholly independent from his immunized testimony.  Id.

So.2d at 763 (holding that a defendant's due process rights are violated only if his former lawyer prosecutes him on a matter related to the representation or discloses client confidences to other prosecutors); United States v. Goot, 894 F.2d 231, 236-37 (7th Cir. 1990), cert. denied, 498 U.S. 811, 111 S. Ct. 45, 112 L.Ed.2d 22 (1990) (holding that defendant's right to due process was not violated by the employment of his former counsel in the U.S. Attorney's office where the former counsel recused himself and was screened from the prosecution of defendant's case).

Although the decision to disqualify an entire Commonwealth's Attorney's office is committed to the exercise of the trial court's discretion, we also hold that, in light of due process considerations, a trial court should grant a criminal defendant's motion to disqualify when the circumstances indicate that the defendant's former counsel in a related matter has not been effectively screened from contact with the Commonwealth's attorneys who are prosecuting the defendant. See Pennington, 851 P.2d at 500-01; Camacho, 406 S.E.2d at 875 (citing Young v. State, 297 Md. 286, 297, 465 A.2d 1149, 1155 (1983)). In a hearing on a defendant's motion to disqualify, the defendant has the burden of proving that a member of the Commonwealth's Attorney's office counseled him on a matter related to the pending criminal case. See Pennington, 851 P.2d at 500-01. If the defendant satisfies this burden, a presumption arises that the employees of a Commonwealth's Attorney's office share

-14-

confidences with respect to matters handled by the office.  See id. at 501 (citing Goot, 894 F.2d at 234-35).  The Commonwealth then must rebut this presumption by proving that the defendant's former lawyer has been effectively screened from contact with the Commonwealth's attorneys working on the defendant's case.  See id.

Based on the circumstances of this case, we hold that the trial court abused its discretion when it denied appellant's motion to disqualify.  The record established that appellant's counsel at trial had joined the Commonwealth's Attorney's office prior to the initiation of the proceeding to revoke appellant's suspended sentence.  The revocation proceeding is related to appellant's initial trial because they arose from the same matter and the confidences that appellant disclosed to his counsel in preparation for the trial could be highly relevant to the attempt to revoke his sentence.  Additionally, the Commonwealth failed to meet its burden of proving that appellant's former counsel had been effectively screened from contact with the Commonwealth's attorney handling the revocation proceeding.  Although the Commonwealth's attorney asserted during argument that he had erected a "chinese wall" between himself and appellant's former counsel, the Commonwealth's attorney offered no evidence, such as affidavits by him and appellant's former counsel, regarding the existence and effectiveness of the screening procedures actually utilized.  See State ex. rel. Tyler v. MacQueen, 191 W.Va. 597,

600, 447 S.E.2d 289, 292 (1994) (indicating that affidavit by prosecuting attorney and member of office who previously represented defendant was sufficient evidence to prove existence of effective screening procedures). Because the Commonwealth did not meet its burden of proving that it had implemented effective screening procedures to prevent the disclosure of appellant's confidences, we hold that the trial court abused its discretion when it denied appellant's motion to disqualify the Commonwealth's attorney.

For the foregoing reasons, we reverse the order of the trial court revoking appellant's suspended sentence. We remand this case to the trial court for further proceedings consistent with this opinion if the Commonwealth be so advised.

<u>Reversed and remanded</u>.