COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


KATHY MYRTLE ADKINS
                                        OPINION BY
v.  Record No. 2158-96-3         JUDGE JAMES W. BENTON, JR.
                                      NOVEMBER 10, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                      Keary R. Williams, Judge

        Buddy H. Wallen for appellant.

        Ruth Ann Morken, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     In this appeal, we consider whether the trial judge violated
the defendant's due process rights by appointing the private
prosecutor retained by the victim's family to act as special
prosecutor after the Commonwealth's attorney withdrew from the
case. For the reasons that follow, we reverse the convictions
and remand for a new trial.

                                I.

     Kathy Myrtle Adkins was indicted by a grand jury for murder
and use of a firearm in the commission of murder. Prior to her
indictment, the victim's family hired David Epling, a private
attorney, to assist in the prosecution of the case. Epling
worked closely with an assistant Commonwealth's attorney and
participated in the decision to indict Adkins on the charges.

     While the case was pending, Sheila Tolliver was elected to
serve as Commonwealth's Attorney and assumed the office. Because

Tolliver had previously represented Adkins' daughter, Tolliver filed a motion for leave to withdraw and for appointment of a special prosecutor. Due to Tolliver's conflict, the trial judge granted the motion and appointed Epling to serve as special prosecutor. See Code § 19.2-155.

Adkins objected to the appointment of Epling. At a hearing on the issue, counsel for Adkins stated that Adkins' concern was that "Epling is prosecuting her after being employed by the family to do that." Counsel further stated that Adkins "is entitled to a totally independent, objective prosecutor." Epling responded that he was no longer being compensated by the victim's family. Affirming the appointment, the judge stated that he considered "Epling as a totally independent and impartial prosecutor." The judge further noted that although Epling "may have been employed by the family, . . . that would [not] qualify him as an inappropriate person for prosecution in the cases."

Adkins was tried and convicted. She filed a motion to set aside the verdict because her rights to due process and a fair trial were denied by allowing Epling to act as special prosecutor. The trial judge denied the motion.

## II.

Virginia adheres to "the common-law rule which generally permits the appearance of private counsel to assist the prosecution." Cantrell v. Commonwealth, 229 Va. 387, 392, 329 S.E.2d 22, 26 (1985) (emphasis added). "At common law, a

prosecuting attorney 'is the representative of the public in whom is lodged a discretion . . . , which is not to be controlled by the courts or by an interested individual.'"  Ganger v. Peyton, 379 F.2d 709, 713 (4th Cir. 1967) (citation omitted).  "'[T]he breadth of discretion that our country's legal system vests in prosecuting attorneys carries with it the potential for individual and institutional abuse.'"  Lux v. Commonwealth, 24 Va. App. 561, 568, 484 S.E.2d 145, 148 (1997) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978)).  Thus, we require impartiality in the exercise of discretion on the part of the prosecutor.  See Berger v. United States, 295 U.S. 78, 88 (1935).

This case is governed by the principles the Supreme Court of Virginia set forth in Cantrell.  There, an attorney was hired by a murder victim's family "to help get . . . Cantrell convicted."  229 Va. at 391, 329 S.E.2d at 25.  Although the Commonwealth's attorney was present at the trial and took an active role, the private prosecutor examined most of the witnesses, generally acted as lead counsel, and made the closing argument to the jury.  The private prosecutor was also retained by the family in a civil suit to seek a change in custody of Cantrell's child from Cantrell to the victim's parents.  See id.

Cantrell argued that the private prosecutor's employment by the victim's family created a conflict of interest which rendered the private prosecutor's participation in the criminal

prosecution improper to a degree that denied Cantrell due process of law. He also argued that the private prosecutor had an incentive other than the impartial administration of justice to seek a conviction.

In discussing the limitations on the role of a private prosecutor, the Supreme Court stated that when a private prosecutor has been engaged to assist in a criminal proceeding, "the public prosecutor must remain in continuous control of the case." Id. at 393, 329 S.E.2d at 26. Noting the different roles of a private and a public prosecutor, the Court stated that the duty of a private prosecutor is to zealously represent his client's interests while a public prosecutor's duty is "'to seek justice, not merely to convict.'" Id. Thus, the Supreme Court ruled that the private prosecutor's dual role as prosecutor and civil attorney created a conflict of interest which interfered with the fair administration of justice. The Court held that, under the circumstances, the private prosecutor's role infringed on the defendant's right to a fair and impartial trial.

The Commonwealth contends that in Cantrell the private prosecutor had not been formally appointed as a special prosecutor, was not being paid by the Commonwealth, and had not taken an oath of office. The Commonwealth argues that Epling was formally appointed as special prosecutor and that, although Epling was initially hired by the victim's family to help in the prosecution of Adkins, he never represented them in any civil

matter.  Also, Epling terminated his representation of the family upon his appointment and was no longer being compensated by them.

While the facts in this case differ from those in <u>Cantrell</u>, the rationale of <u>Cantrell</u> still applies.  A public prosecutor is vested with a duty not merely to convict but to see that the accused receives a fair and impartial trial.  A special prosecutor appointed by the trial judge steps into the role of public prosecutor and necessarily accepts that duty of impartiality.  However, where a special prosecutor has a "personal interest in the outcome of the prosecution," <u>Lux</u>, 24 Va. App. at 569, 484 S.E.2d at 149, "his objectivity and impartiality are called into question," <u>id.</u>, and a defendant's right to a fair and impartial trial is violated.  A special prosecutor who was formerly employed by the victim's family in connection with the same proceeding is incapable of exercising the fair-minded prosecutorial discretion to which the defendant is entitled, <u>see</u> <u>id.</u>, due to his pre-existing interest in securing the conviction of the defendant.  Once the private prosecutor who has been paid by the victim's family to obtain a conviction becomes the special prosecutor with full discretionary authority, obviously, the opportunity to give full reign to the partiality that initially existed is unchecked.

Epling was initially hired and paid by the victim's family to protect its interest, not the interest of the Commonwealth. When Epling was appointed special prosecutor, he was no longer

merely assisting in the prosecution; he was given ultimate control of the case.  In view of Epling's earlier receipt of payment by the victim's family to represent them in the prosecution of Adkins, he owed his allegiance to those clients and had a duty not to act adversely to their interest.  We cannot say that when the trial judge appointed Epling as special prosecutor, with sole authority to make prosecutorial decisions, Epling was then able to act with fair-minded discretion and impartially or unprejudiced by motives related to his earlier private gain.  "The likelihood of conflict between those two duties rises to the level of an overwhelming probability." Cantrell, 229 Va. at 393, 329 S.E.2d at 26.

Having once been paid by the victim's family to protect its interest and to assist in the prosecution, Epling was prohibited for reasons of conflict of interest from becoming a special prosecutor.  The conflict of interest between a special prosecutor's duty "to seek justice" and his duty to his former client denied the defendant her right to a fair and impartial trial.  See id. at 394, 329 S.E.2d at 26-27.  Accordingly, we reverse the convictions and remand for further proceedings.

Reversed and remanded.