# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Demetrius Sullivan

August 30, 1999

Case Nos. CR99-350, CR99-351, CR99-352, CR99-373

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the Defendant's, Demetrius Sullivan's, pro se Motion to Remove the Office of the Commonwealth's Attorney for the City of Fredericksburg from any participation in this case. The Defendant asserts that Assistant Commonwealth's Attorney, Labravia Jenkins, previously represented him while she was employed as an attorney for the Public Defender's Office in Stafford County. Ms. Jenkins is now employed as an Assistant Commonwealth's Attorney for the City of Fredericksburg and has represented the Commonwealth at the arraignment of the defendant and other proceedings in this case. The Defendant asserts that confidential information given to Ms. Jenkins in her capacity as his attorney is prejudicial to him in that it taints her opinion and influences her actions as his prosecutor.

The Commonwealth argues that, even though this Assistant Commonwealth's Attorney did represent this defendant years ago in another jurisdiction which resulted in a felony conviction, the cases before this court have absolutely nothing to do with the prior prosecution. It should be noted that the defendant is charged with three counts of "possessing a firearm after having been convicted of a felony." The Commonwealth argues that, even though the Assistant Commonwealth's Attorney was the Defendant's counsel of record in a matter that resulted in a felony conviction, the conviction itself

is a matter of public record, available to anyone and, therefore, not unique or confidential.

In support of its position the Commonwealth argues that this case is similar to *Allen v. Commonwealth* (Rec. No. 2737-91-2, decided February 10, 1998). In an unpublished opinion, the Court of Appeals of Virginia affirmed its prior ruling in *Lux v. Commonwealth*, 24 Va. App. 561, 569 (1997), and stated, "The decision whether to disqualify a Commonwealth's Attorney in a particular case is committed to the sound discretion of the trial court." The trial court must decide whether or not the Commonwealth's Attorney has a personal interest in the outcome of the prosecution or an interest arising from his or her former representation of the defendant that conflicts with the fair minded exercise of his or her prosecutorial discretion.

In the case before this Court, there is no assertion that the Assistant Commonwealth's Attorney and the defendant had any kind of attorney-client relationship involving the pending charges. Furthermore, there is no assertion that the Assistant Commonwealth's Attorney has a "personal" interest in the pending prosecution.

The Court of Appeals in *Allen* recognized that some states have followed what might be called a "per se" disqualification rule. However, the majority of the states adopt the position that "Where the prosecutor's earlier representation of the defendant was in an unrelated matter ... disqualification is not required, especially if a number of years have passed since the earlier representation." 63C Am. Jur. 2d, *Prosecuting Attorneys*, § 27 (1984). In the case before this court, the Assistant Commonwealth's Attorney could not have represented the defendant within the last four years given the fact that she has been employed as a full-time Assistant Commonwealth's Attorney since 1995.

The Court of Appeals in *Allen* held that the presentation of a prior conviction, a ministerial act, concerning a matter of public record did not involve the revelation of confidential information. The earlier representation created neither actual prejudice nor a suggestion of prejudice. Given the Court of Appeals' decision in *Lux* and that court's discussion of circumstances, which are very similar to the case at bar in *Allen*, it is adjudged, ordered, and decreed that the Motion to Remove the Commonwealth's Attorney's Office of the City of Fredericksburg is denied.