COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


ALESSANDRO FERREIRA LIMA
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1263-99-3         JUDGE ROSEMARIE ANNUNZIATA
                                          MAY 9, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                   William N. Alexander, II, Judge

          Barry A. Schneiderman (Kincheloe &
          Schneiderman, on brief), for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Alessandro Lima appeals from his conviction of grand

larceny in the Circuit Court of Franklin County.  Lima contends

1) that the evidence offered by the Commonwealth was

insufficient to support his conviction; 2) that the trial court

improperly valued the items in question, so that even if Lima's

guilt was proven by sufficient evidence, he should only have

been convicted of petit larceny; and 3) that Lima was deprived

of his right to due process by his attorney's failure to inform

him prior to the representation that he had recently accepted an

─────────────

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

offer of employment in the Office of the Commonwealth's Attorney.  Finding no error, we affirm his conviction.

## FACTS

"In reviewing the sufficiency of the evidence, we examine the record in the light most favorable to the Commonwealth, granting to it all reasonable inferences deducible therefrom." DeAmicis v. Commonwealth, 29 Va. App. 751, 753, 514 S.E.2d 788, 789 (1999) (citation omitted).  The trial court's judgment will only be disturbed if plainly wrong or without evidence to support it.  See Marshall v. Commonwealth, 26 Va. App. 627, 633, 496 S.E.2d 120, 123 (1998).  "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."  Id. (citing Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)). The fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that he is lying to conceal his guilt.  See id. (citing Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc)).

At Lima's bench trial on February 25, 1999, Lima's accusers, James and Kay Potter, testified that they had been acquainted with Lima for approximately nine years, that he had formerly lived in their home, and that he was considered a part of their family.  They testified that they owned four poster-prints of artwork by Waynesboro artist P. Buckley Moss,

- 2 -

and several gold pendants which James Potter had purchased while traveling in the Middle East.  While visiting Lima's home in North Carolina in October, 1998, Kay Potter became suspicious when Lima's children noticed pictures of Moss prints in a catalog and told her that they owned such prints.  The Potters also noticed Lima's wife, Vanessa, wearing a gold Arabic pendant during their visit, and noted its similarity to the pendants James had purchased in the Middle East.  Lima had visited the Potters' home in May, 1996, December, 1996, May, 1997, and May, 1998.

Upon returning home, Kay Potter was unable to find her Moss prints, which she and James had previously placed in storage during renovations to their house.  The Potters also discovered that one of the pendants was missing, and reported to the police their suspicion that Lima had stolen the prints and the pendant. When the police arrived at Lima's home to investigate, they found a Moss print prominently displayed near the doorway that resembled one of those reported missing by the Potters.  Vanessa Lima voluntarily produced and surrendered the Arabic pendant the Potters had observed her wearing.  The framed Moss print, Vanessa's pendant, and the other pendants owned and retained by the Potters were admitted into evidence at trial.  Also admitted were a receipt for the gold chain which Kay Potter said she purchased for the pendant that was stolen from her and a letter

from Lima to Kay Potter, dated "November, 1998," in which Lima denied the Potters' accusations.

Lima testified that he had been given the Moss print by the Potters and that he had purchased the pendant from a Saudi Arabian friend in college, whom he could identify only as "Mohammed." He offered as evidence a letter written in Arabic that he said accompanied the pendant when it was sent to him from Saudi Arabia, as well as a drawing of the pendant which he claimed to have made to show his friend Mohammed exactly how he wanted it designed. The drawing and letter were admitted into evidence.

At the close of the Commonwealth's case-in-chief, defense counsel moved to strike the Commonwealth's evidence with respect to the pendant, on the ground that the Commonwealth had failed to offer any evidence proving that Vanessa Lima's pendant had ever been in the Potters' possession. Counsel made a second, more general motion to strike all the Commonwealth's evidence, on the ground that "the Commonwealth ha[d] not proven up to the evidence needs at this point to go past on all the evidence." The court denied both motions. Lima bases his appeal that the evidence was insufficient to convict him on these two motions by counsel.

SUFFICIENCY OF THE EVIDENCE TO SUPPORT CONVICTION

The Commonwealth argues that Lima's motions at trial were insufficiently specific to preserve for appeal the question of sufficiency of the evidence. "Pursuant to Rule 5A:18,[1] this Court will not consider trial court error as a basis for reversal where no timely objection was made, except to attain the ends of justice." Marshall, 26 Va. App. at 636, 496 S.E.2d at 125 (footnote added). A general objection to the sufficiency of the evidence that does not specify the manner in which the evidence was insufficient to prove the charged offense fails to preserve the issue for appeal. See id. (citing Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). We hold that Lima objected with sufficient specificity to preserve his appeal with respect to the pendant, but that his objection to the other evidence adduced by the Commonwealth was insufficiently specific to preserve a challenge on appeal.

## A.  Arabic pendant

Lima objected with specificity to the evidence with respect to the Arabic pendant, arguing that the Commonwealth failed to present any evidence that Vanessa Lima's pendant was among those purchased by James Potter in the Middle East. Thus, Lima's

---

[1] The Rule provides, in relevant part: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." (Emphasis added).

objection with respect to the sufficiency of the evidence to prove he stole the pendant was preserved for appeal in accordance with Rule 5A:18.

However, we reject his argument that the Commonwealth failed to offer evidence tending to prove that the pendant was among those belonging to the Potters. Although the trial court ruled that the case against Lima was circumstantial, in the court's view as fact finder, the evidence, on the whole, tended to prove beyond a reasonable doubt that Vanessa's pendant originated with the Potters and that Lima stole it to give it to his wife. "'Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Id. at 633, 496 S.E.2d at 123 (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). The court noted that the pendant was "more than just similar" to those owned by the Potters and that it was so similar to the Potters' pendants, which James Potter had purchased together in Saudi Arabia, that "from the naked eye . . . they are identical." The Potters testified that before Lima's last visit to their home all of the pendants had been present, and only after their visit to Lima's home in October, 1998 did they find that one of them was missing. The court deemed these facts sufficient circumstantially to prove beyond a

reasonable doubt that Lima had stolen the pendant.  "The judgment of a trial court [as fact finder] will be disturbed only if plainly wrong or without evidence to support it."  Id. Because the evidence offered supported the court's conclusion that Lima stole the pendant in question from the Potters, its judgment cannot be said to be plainly wrong.

### B.  P. Buckley Moss print

The only motion made by defense counsel with respect to the P. Buckley Moss print was the general motion that the Commonwealth had simply failed to offer sufficient evidence. Because this motion did not state with specificity the basis for contending that the evidence was insufficient, the Redman rule applies and establishes that the issue was not preserved for appeal unless the "ends of justice" exception to Rule 5A:18 should be found to apply.

"To invoke the ends of justice exception . . . the record must 'affirmatively show[ ] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage might have occurred.'"  Id. at 636, 496 S.E.2d at 125 (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). "To satisfy this burden, an appellant must show 'more than that the Commonwealth failed to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or

the record must affirmatively prove that an element of the offense did not occur.'"  Id. at 636-37, 496 S.E.2d at 125 (quoting Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73). In cases where the "ends of justice" exception is applied, "the Commonwealth's evidence either prove[s] that an essential element of the offense ha[s] not occurred or . . . the defendant was convicted for conduct that was not criminal." Redman, 25 Va. App. at 222-23, 487 S.E.2d at 273.

Lima's case does not give rise to the "ends of justice" exception.  Nothing in the record affirmatively proves that the larceny in question did not occur.  Although Lima testified that he received the Moss print from the Potters as a gift, Kay Potter denied making any such gift.  The trial court was entitled to disbelieve Lima's testimony.  See Marshall, 26 Va. App. at 633, 496 S.E.2d at 123 (citing Speight, 4 Va. App. at 88, 354 S.E.2d at 98).  Thus, because Lima's general objection to the sufficiency of the evidence with respect to the Moss print was not preserved for appeal, Rule 5A:18 bars consideration of that claim, and the "ends of justice" exception to the rule is inapplicable.

### SUFFICIENCY OF THE EVIDENCE TO ESTABLISH VALUE OF THE PENDANT AND PRINT

Lima appeals the trial court's finding that the evidence was sufficient to establish the value of the pendant and the print, contending that the combined value of the two items was

less than $200 and he, therefore, was wrongly convicted of grand larceny. His claim is barred by Rule 5A:18.

Lima raised no objection to the court's valuation of the goods at trial. Consequently, this issue was not preserved for appeal, and Rule 5A:18 bars us from considering the issue on appeal unless the "ends of justice" exception applies. As noted, the record must affirmatively prove that the value of the goods was less than $200. The record provides no such affirmative proof. Kay Potter testified that the framed print was worth $150, and an expert appraiser testified that the pendant with its chain was also worth approximately $150. Nothing in the record affirmatively proved that the combined value of the two items was less than $200, and, consequently, we consider the question no further.

### DUE PROCESS CLAIM

Lima made no objection to his counsel either at trial or during the hearing on Lima's motion to reconsider the sentence imposed by the court. The trial court noted at the re-sentencing hearing on May 17, 1999 that Lima's prior counsel had disqualified himself from further representation of Lima because he had accepted employment in the Office of the Commonwealth's Attorney. Lima made no objection at this time; thus, as noted, he is barred by Rule 5A:18 from arguing on appeal that his prior counsel's failure to advise him of that

offer of employment deprived him of due process rights. Moreover, Lima concedes that his prior counsel represented him ably, but contends that the mere "appearance of impropriety" qualifies as a due process violation.  Because the "ends of justice" exception is inapplicable here, we do not consider this issue.[2]

For the reasons stated herein, we affirm the conviction.

Affirmed.

---

[2] We note generally that it is well established in Virginia that "[w]hile . . . an ethical rule that strives to avoid the appearance of impropriety is a worthy standard of professional conduct, a criminal defendant's constitutional right to due process does not entitle him to a prosecution free of such appearances." Lux v. Commonwealth, 24 Va. App. 561, 574, 484 S.E.2d 145, 151 (1997).  See also Turner v. Commonwealth, __ Va. __, __ S.E.2d __ (2000) (whether evidence establishes a conflict of interest is a discretionary decision for the trial court).