COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Petty, Huff and Senior Judge Frank
Argued by videoconference

MARY PRICE

v.      Record No. 0343-20-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WILLIAM G. PETTY
NOVEMBER 4, 2020

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge Designate

William K. Warriner, Assistant Capital Defender, for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


In this appeal, we consider whether the trial court erred in allowing an attorney to serve

as a private prosecutor in Mary Price's trial for assault and battery when that attorney

simultaneously represented the victim in a civil case against Price. Because we conclude that the

simultaneous representation created a conflict of interest in violation of Price's due process

rights, we reverse the conviction and remand.

## I.  BACKGROUND

Mary Price was convicted on September 16, 2019, in Hampton General District Court for

misdemeanor assault and battery of Veronica Drew, in violation of Code § 18.2-57.  She

appealed to the Hampton Circuit Court, and a *de novo* trial was held on November 4, 2019.

Pursuant to Code § 15.2-1627(B), the Commonwealth's Attorney's Office for the City of

Hampton "elected to permit the matter to proceed as a citizen complaint and not to enter an

appearance."[1]  Though the statement of facts does not indicate how the following took place, attorney David Redden "entered an appearance as a private prosecutor on behalf" of Drew, the victim.

On the day of trial in circuit court, before witnesses were sworn, Price alerted the court to the fact that Redden "was representing Ms. Drew in a civil matter in the lower court against Ms. Price."  She argued that it was a violation of due process for a private prosecutor to prosecute a criminal defendant while "simultaneously representing one of the witnesses in the criminal case in civil litigation against the accused."  Therefore, Price "moved that Mr. Redden be conflicted out of the case as a result of the inherent conflict between the role of a prosecutor and the role of counsel in a civil case."

In response, Redden claimed that Price filed the initial civil suit against Drew and that Drew filed a counter claim against Price.  Not denying that he represented Drew "in the civil matters," Redden "indicated that he would not have a problem with being removed from the case and the Commonwealth stepping in as prosecutor," something the Commonwealth's Attorney had already declined to do.

Price argued again "that a conflict existed, that the conflict violated Due Process and that Mr. Redden should have been removed from the case."  The court denied the motion.  After a bench trial, the court convicted Price of assault and battery, in violation of Code § 18.2-57.  The court sentenced Price to twelve months of incarceration, with all but ten days suspended on

---

[1] Quotations within the background section are taken from the statement of facts, which Judge Taylor adopted on January 14, 2020.

conditions of no contact with Drew and completion of an anger management program.  Price appealed.[2]

## II.  ANALYSIS

Price raises two assignments of error, both concerning the private prosecutor's appearance on behalf of the Commonwealth.  First, she argues that the ethical conflict violated her due process rights guaranteed under the United States Constitution and the Constitution of Virginia.  Second, Price argues that the private prosecutor's sole control of the prosecution violated her due process right to the fair-minded exercise of the Commonwealth's Attorney's discretion.

> Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.  We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.  Constitutional questions are questions of law, which the Court reviews de novo.  But the factual findings of the circuit court are not to be disturbed unless they are plainly wrong or are without evidence to support them.

Wilkins v. Commonwealth, 292 Va. 2, 6-7 (2016) (citations omitted).

### A.  The Prosecutor's Duty to Impartial Justice

It has been said that "[t]he prosecutor has more control over life, liberty, and reputation than any other person in America."  Robert H. Jackson, Att'y Gen. of the U.S., The Federal Prosecutor, Address to the Second Annual Conference of United States Attorneys (Apr. 1, 1940).  The prosecutor's great power carries with it great ethical obligations.  Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 803 (1987) (recognizing that the prosecutor has a "distinctive role" in the criminal justice system).  The prosecutor is "a sovereignty whose obligation to

---

[2]  Price filed her notice of appeal on November 15, 2019.  In a *nunc pro tunc* order entered on February 18, 2020, the trial court noted that "[Redden] was removed as counsel of record on behalf of the Commonwealth and as private prosecutor for Veronica Drew in this matter" as of December 14, 2019.  Redden took no further part in this appeal after that date.

govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." Id. (quoting Berger v. United States, 295 U.S. 78, 88 (1935)). As a "minister of justice," Va. R. of Prof. Conduct 3.8 cmt. 1, the prosecutor's "duty is to seek justice, not merely to convict," Young, 481 U.S. at 803 (quoting Model Code of Prof. Resp. EC 7-13 (Am. Bar Ass'n 1982)).

This role as a minister of justice carries with it high ethical obligations and a duty of impartiality. A Commonwealth's attorney has duties to conduct "the impartial prosecution" of the accused and to ensure that the accused receives a fair trial. Lux v. Commonwealth, 24 Va. App. 561, 568 (1997). The prosecutor is "obligat[ed] to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence." Va. R. of Prof. Conduct 3.8 cmt. 1. The prosecutor is ultimately accountable not to any victim but to justice.

In this context, "[a] conflict of interest on the part of the prosecution in itself constitutes a denial of a defendant's due process rights under art. I, § 11 of the Constitution of Virginia." Cantrell v. Commonwealth, 229 Va. 387, 394 (1985); see Lux, 24 Va. App. at 569 (holding that "[t]he due process rights of a criminal defendant under both the Virginia and United States Constitutions are violated when the defendant is prosecuted by a Commonwealth's attorney who has a conflict of interest relevant to the defendant's case"). A trial court may disqualify a Commonwealth's attorney if it determines that the prosecutor "has an interest pertinent to a defendant's case that may conflict with the Commonwealth's attorney's official duties." Lux, 24 Va. App. at 568.

## B. The Private Prosecutor

Because of the prosecutor's ethical duties as an impartial minister of justice,

> [t]he idea of private prosecution is alien to modern America, as is
> its basic supposition that crime is essentially a private concern
> between the aggressor and the victim. The concept of criminal
> justice that has developed in the United States proclaims the

> opposite view; the American system conceives the criminal act to be a public occurrence and society as a whole to be the ultimate victim.

Joan E. Jacoby, The American Prosecutor 10 (1980). Consistent with these principles, in Virginia, the authority to prosecute criminal offenses on behalf of the Commonwealth is vested in a publicly elected Commonwealth's Attorney.[3] See Va. Const. art. VII, § 4; Code § 15.2-1627.

Nevertheless, Virginia recognizes the "common-law right of a crime victim, or of his family, to assist the prosecution with privately employed counsel." Cantrell, 229 Va. at 392. The overarching principle governing the private prosecutor's participation is that "the public prosecutor must remain in continuous control of the case." Id. at 393. Limits on the private prosecutor's authority ensure that the participation of a private prosecutor is only supplemental to the elected official's handling of the case. The private prosecutor "may not initiate a prosecution or appear before the grand jury." Id. He may appear in the case "only by the leave of the trial court . . . [and] may participate only with the express consent of the public prosecutor." [4] Id. The private prosecutor may make a closing argument to the jury only if the court, in its discretion, permits it; and the private prosecutor, likewise, may not participate in plea

---

[3] In cases where the Commonwealth's attorney is disqualified due to a conflict of interest or is otherwise unable to prosecute, the circuit court may, for good cause shown, appoint an attorney-at-law to act in his place. Code § 19.2-155. No such appointment is found in the record.

[4] Although not cited by either party, an Opinion of the Attorney General concludes that when the Commonwealth's attorney elects not to prosecute certain charges, courts do not have inherent authority to interfere with that discretion by appointing a private prosecutor. 1995 Op. Va. Att'y Gen. 139. The opinion overruled a prior opinion, 1990 Op. Va. Att'y Gen. 141, to the extent that the prior opinion concluded a private prosecutor may undertake the sole prosecution of a misdemeanor charge "without the express consent of the Commonwealth's attorney." The 1995 opinion cites the "paramount consideration" that the prosecution of a criminal case be controlled by "an attorney who is responsible to the public." 1995 Op. Va. Att'y Gen. 139.

bargaining or in "a decision to accept a plea of guilty to a lesser crime or to enter a *nolle prosequi*." Id. These procedural safeguards protect the defendant's due process right to the fair-minded exercise of the Commonwealth's attorney's discretion. Lux, 24 Va. App. at 569-70.

When privately employed counsel assists the prosecutor, moreover, he takes on the higher ethical obligations of the prosecutor. Cantrell, 292 Va. at 393. Just as the public prosecutor may not entertain divided loyalties between the interests of justice and the interests of a private client, neither may the private prosecutor attempt the same. "[T]he private prosecutor is prohibited . . . from advocating any cause which would be forbidden to the public prosecutor." Id.; see also Young, 481 U.S. at 804 ("A private attorney appointed to prosecute a criminal contempt therefore certainly should be as disinterested as a public prosecutor who undertakes such a prosecution."). All persons who hold the "distinctive role" given to prosecutors, Young, 481 U.S. at 803, whether for the duration of one case or for a term of office, must maintain the impartiality befitting the system of justice. In short, if it is forbidden to the public prosecutor, it is forbidden to the private prosecutor.

Thus, when a private attorney steps into the shoes of a public prosecutor, he takes on the ethical obligation to maintain impartiality—an obligation that supersedes any interest of a private client that might conflict with the impartial administration of justice. See Cantrell, 229 Va. at 394 (holding that a private prosecutor may not have a "civil interest in the case"); Lux, 24 Va. App. at 569-70 (holding that a prosecutor must be disqualified "where it can be reasonably inferred that the [prosecutor] has either a personal interest in the outcome of the prosecution or an interest arising from his or her former representation of the defendant that conflicts with the fair minded exercise of his or her prosecutorial discretion"). The private prosecutor, like the public prosecutor, should be disqualified if he has any "interest pertinent to a defendant's case that *may* conflict with the Commonwealth's attorney's official duties." Lux, 24 Va. App. at 568

(emphasis added). It constitutes a violation of the defendant's due process rights if a private prosecutor participates in the defendant's prosecution while maintaining such a conflict of interest. Cantrell, 229 Va. at 394; Lux, 24 Va. App. at 568.

### C. The Circuit Court Erred in Failing to Disqualify Redden

Here, an impermissible conflict of interest existed because of Redden's concurrent representation of the victim in a civil case against Price, and the trial court should have disqualified Redden from participating in Price's prosecution.[5] As the victim's private attorney, Redden owed duties of loyalty and confidentiality to his client, Va. R. of Prof. Conduct 1.6–1.7, and he was encouraged to act with "zeal in advocacy" on her behalf, Va. R. of Prof. Conduct 1.3 cmt. 1. As a prosecutor, Redden was expected to rid himself of all partialities, disclose exculpatory evidence,[6] and pledge his efforts to nothing but the independent administration of justice. "The likelihood of conflict between these two duties rises to the level of an overwhelming probability." Cantrell, 229 Va. at 393. Redden's representation of the victim in a

---

[5] The Commonwealth contends that we should apply an abuse of discretion standard in reviewing the circuit court's decision not to disqualify Redden, citing Riner v. Commonwealth, 268 Va. 296, 320 (2004) ("The trial court, in the exercise of its discretion, must determine whether the private prosecutor had a conflict of interest. That determination in this case was factual . . . .").

On appellate review, ordinarily, a ruling that is within the sound discretion of the trial court is "subject to the test of abuse of that discretion." Henderson v. Commonwealth, 285 Va. 318, 329 (2013) (quoting Beck v. Commonwealth, 253 Va. 373, 385 (1997)).

> However, whether a defendant's due process rights are violated . . . is a question of law, to which we apply a de novo standard of review. Therefore, the application of the abuse of discretion standard of review is inappropriate when considering this due process issue. Rather, while accepting the historical facts, we apply a de novo review to determine whether the [trial court erred].

Id. (citations omitted). Here, Price claims that the trial court's refusal to disqualify the private prosecutor violated her due process rights to an impartial prosecutor. Accordingly, we review the trial court's ruling de novo.

[6] See Va. R. of Prof. Conduct 3.8(d).

- 7 -

civil case created a conflict of interest which warranted his disqualification in Price's prosecution. His participation in the case despite this conflict of interest violated Price's due process rights. Cantrell, 229 Va. at 394. See Va. R. of Prof. Conduct 1.7(a) ("[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest.").

In addition, the level of Redden's participation in the case violated Price's due process right to the fair-minded exercise of the Commonwealth's Attorney's discretion. The record here is bereft of any adherence to the necessary requirements concerning Redden's appearance and participation as a private prosecutor. There is no suggestion that the trial court appointed Redden to prosecute. See Code § 19.2-155. Neither is there any suggestion that the Commonwealth's Attorney's office gave "express consent" for Redden to prosecute the case. See Cantrell, 229 Va. at 393. Finally, because the Commonwealth's Attorney decided not to enter an appearance in the matter but to permit it to proceed as a citizen complaint, there is certainly no guarantee that "the public prosecutor . . . remain[ed] in continuous control of the case." See id. It is safe to conclude, in fact, that the Commonwealth's Attorney's office had no control of this case, at all. This implied and total abdication of authority is strictly impermissible. See id.

Nevertheless, the Commonwealth takes the position on appeal that a private prosecutor should only be disqualified when the prosecution and civil case arise out of the same underlying occurrence, relying on Cantrell for support. A pecuniary or other tangible interest in the outcome of a prosecution—one which corresponds to a factually-related civil case—certainly warrants a private prosecutor's disqualification. Id. at 393-94 (citing Ganger v. Peyton, 379 F.2d 709, 712 (4th Cir. 1967)). But the absence of such an interest does not eliminate the greater ethical conflict that arises whenever an attorney attempts to "serve two masters." Id. at 393. The private attorney owes his loyalty to the client; the prosecutor owes his loyalty to the impartial administration of justice. Any conflict between these loyalties, direct or implied, violates the

defendant's due process rights guaranteed under the United States Constitution and the Constitution of Virginia.[7]  This is why a trial court can disqualify a prosecutor if that prosecutor "has an interest pertinent to a defendant's case that *may*"—not "will"—conflict with the prosecutor's duties.  Lux, 24 Va. App. at 568 (emphasis added).

The Commonwealth argues, however, that even if the trial court erred in failing to disqualify Redden, such error was harmless.  We disagree.  Harmless-error analysis is inappropriate when evaluating the effect of an interested prosecutor in a criminal case, because "such analysis would not be sensitive to the fundamental nature of the error committed."  Young, 481 U.S. at 812; see Cantrell, 229 Va. at 394.  As opposed to the review of "discrete exercises of judgment by lower courts," the rule governing disqualification of an interested prosecutor "requires no subtle calculations of judgment" by a reviewing court.  Young, 481 U.S. at 814.  Because a prosecutor's many decisions are often not contained in the record, the precise moments of misconduct arising from such a situation cannot be easily identified and evaluated.  Id. at 813.  Such error has "fundamental and pervasive effects" that infect the entire proceeding with prejudice.  Id. at 814.

> A concern for actual prejudice in such circumstances misses the point, for what is at stake is the public perception of the integrity of our criminal justice system.  "[J]ustice must satisfy the appearance of justice," and a prosecutor with conflicting loyalties presents the appearance of precisely the opposite.  Society's interest in disinterested prosecution therefore would not be adequately protected by harmless-error analysis, for such analysis would not be sensitive to the fundamental nature of the error committed.

---

[7] The obligations imposed by Rules 1.6 and 3.8 of the Virginia Rules of Professional Conduct demonstrate just one example of the ethical conflict that a private prosecutor is likely to encounter if he also represents a party to the prosecution as a private attorney.  Rule 1.6 forbids an attorney from revealing information that would be likely to be detrimental to the client, unless the client consents.  Rule 3.8(d), on the other hand, requires a prosecutor to reveal to a defendant information that is exculpatory, regardless of the source of the information.

Id. at 811-12 (alteration in original) (quoting Offutt v. United States, 348 U.S. 11, 14 (1954)). Therefore, we heed the guidance of the United States Supreme Court and of our own Supreme Court, and we decline to apply a harmless-error analysis.

### D. Price's Argument is Not Procedurally Barred

Finally, the Commonwealth contends that Price's argument is procedurally barred because she "did not accept Redden's offer to withdraw." This argument is without merit. It is the trial court that has "the power to disqualify a Commonwealth's attorney from proceeding with a particular criminal prosecution" if the court finds a conflict of interest. Lux, 24 Va. App. at 568. Rule 1.16(c) of the Virginia Rules of Professional Conduct provides analogous guidelines, stating that a lawyer shall not withdraw from a court proceeding "except by leave of court."

After discovering Redden's dual representation, Price made a motion for the trial court to disqualify Redden, which the court denied. Redden responded with a conditional offer to withdraw if the Commonwealth's Attorney agreed to prosecute. As the Commonwealth's Attorney had already declined to participate, this "offer" to withdraw was quite disingenuous and insufficient. Price did not fail to "resolve the issue she now complains of" or "remain silent," as the Commonwealth alleges. Rather, the trial court failed to correct the error when it denied Price's motion.

### III. CONCLUSION

Because Redden simultaneously represented the victim in a civil action against Price and sought to prosecute her, and because the procedural safeguards were not followed that would have ensured the publicly-elected prosecutor remained in control of the case, we hold that the

trial court erred in failing to disqualify Redden as a private prosecutor.  Accordingly, we reverse

the conviction and remand for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>