PRESENT:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Whiting, Senior Justice

MARK DANA TURNER

                                        OPINION BY
v.  Record No. 991630        SENIOR JUSTICE HENRY H. WHITING
                                     April 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal of two related criminal convictions, we

consider whether the trial court's rulings on the defendant's

motion for a new trial were erroneous (1) in failing to find

there was a conflict of interest in defense counsel's

representation of the defendant, and (2) in excluding the

defendant's evidence of allegedly inadequate representation.

     On January 12, 1998, Robert Bryan Haskins was appointed as

counsel for Mark Dana Turner who was charged with the murder of

his wife and the use of a firearm in the commission of a felony.

Fourteen days before Turner's trial, Haskins applied for

employment as Assistant Commonwealth's Attorney for Pittsylvania

County in response to an advertisement.  Haskins, who

represented Turner at his trial on April 13, did not tell Turner

of the application.

     A jury convicted Turner of both charges and recommended

sentences totaling 38 years.  Eight days after the trial,

Haskins told his client of the application when the

Commonwealth's Attorney's office notified Haskins that he was

being considered for the position. Haskins also told Turner that if he accepted the position, other counsel would have to be appointed to represent Turner.

Twelve days after the trial, Haskins was offered the position and accepted it. Two days thereafter, Haskins notified Turner of his acceptance of the job and of the necessity that other counsel be appointed to represent Turner in the sentencing and other post trial proceedings.

Prior to sentencing, Turner's new counsel filed motions to set aside the jury's verdict and for a new trial upon a number of grounds. Two of these grounds were (1) that Turner was denied the effective assistance of counsel because of an alleged conflict of interest on Haskins' part, and (2) that Haskins' "significant and cumulative errors and omissions [affected Turner's] right to a fair trial with effective assistance of counsel."

After hearing and considering evidence and argument, the court denied Turner's motions to set aside the verdict. As pertinent here, the trial court ruled that Haskins had no conflict of interest in his representation of Turner and that any alleged ineffective assistance of counsel should be decided in a later habeas corpus proceeding. Following a consideration of additional evidence on the issue of sentencing, the court imposed the jury-recommended sentences.

2

The Court of Appeals denied Turner's petition for appeal. We granted Turner an appeal limited to the foregoing issues.

Turner premises his conflict of interest argument upon the guaranty of the Sixth Amendment to the United States Constitution to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). Turner contends that since Haskins was "actively seeking employment with the prosecutor" when the case was tried, Haskins' self interest in seeking employment conflicted with his duty of loyalty to Turner as his client. According to Turner, "[i]t is self-evident that ineffective assistance of counsel may result from an attorney's own conflict of interest." When the alleged conflict was brought to the attention of the court in Turner's motion for a new trial, Turner claims that "the trial court had a duty to make inquiry into the conflict and to determine the effect on the defendant's right to assistance of counsel." Turner thus assumes that the filing of the employment application created the conflict.

The Commonwealth responds by noting that the court considered the affidavits filed by Haskins, the Commonwealth's Attorney, and personnel in the Commonwealth's Attorney's office, as well as Haskins' testimony, all of which indicated that Haskins had no contact with the Commonwealth's Attorney's office about his application until after the trial. The Commonwealth

3

argues that this evidence supported the court's discretionary ruling that the evidence was insufficient to conclude Haskins had a conflict of interest in his defense of Turner. We agree with the Commonwealth.

When called as a witness by Turner's new counsel in the hearing on his motion for a new trial, Haskins testified (1) that he had no conversations with the Commonwealth's Attorney about his job application until after the trial, and (2) that he never had any contact with the Commonwealth's Attorney or anyone in his office about his representation of Turner after the trial. Supporting affidavits of the Commonwealth's Attorney and personnel in his office indicate that there was no such contact.

Turner does not claim that he had any additional evidence of a conflict of interest. Rather, he argues that Haskins "admitted the conflict." We find nothing in the record to indicate that Haskins expressly admitted that there was a conflict of interest. Apparently, Turner concludes that Haskins' application for employment created the asserted conflict of interest as a matter of law.

We have not decided a case similar to this one. However, the controlling principles have been articulated in a number of cases.

The burden of establishing an alleged conflict of interest between an attorney and his client is upon the person who

4

asserts such a conflict.  Beaver v. Thompson, 93 F.3d 1186, 1192 (4th Cir. 1996) (merely showing that court-appointed defense attorney also served as a part-time assistant Commonwealth's Attorney in a neighboring county is insufficient to sustain burden of presenting convincing evidence of conflict of interest).  There are conflicts of interest which are apparent on their face.  Cantrell v. Commonwealth, 229 Va. 387, 393, 329 S.E.2d 22, 26 (1985) (public or private prosecutor of criminal proceeding cannot simultaneously represent victims of a crime in a civil action arising therefrom).  However, an attorney's pending application for employment in opposing counsel's law firm does not create a conflict of interest on its face between the attorney and his client.  United States v. Horton, 845 F.2d 1414, 1419 (7th Cir. 1988) (defense attorney's pending consideration for appointment as United States Attorney not per se conflict of interest).

Whether such conflict exists depends in part upon the evidence of contacts between the prospective employer and employee.  Garcia v. Bunnell, 33 F.3d 1193, 1199 (9th Cir. 1994), cert. denied, 514 U.S. 1024 (1995).  In Garcia, defense counsel's plans to begin working for the district attorney's office after the conclusion of a criminal case did not create a conflict of interest since defense counsel did not discuss the case with the district attorney's office and there was no other

5

evidence of a conflict.  Id.  And, whether the evidence is sufficient to establish the conflict is a discretionary decision of the court in which the issue is raised.  See Lux v. Commonwealth, 24 Va. App. 561, 569, 484 S.E.2d 145, 149 (1997). In Lux, the Commonwealth's Attorney was held to be disqualified from prosecuting a defendant's revocation of probation proceedings because there was insufficient evidence of effective screening of contacts between an assistant Commonwealth's Attorney who had formerly been the defendant's counsel and other attorneys in the Commonwealth's Attorney's office who were working on the defendant's case.  Id. at 575-76, 484 S.E.2d at 152.

Applying these principles, we hold that the trial court did not abuse its discretion in concluding that Turner failed to sustain his burden of establishing that Haskins' application for employment created an impermissible conflict between Haskins' duty of loyalty to his client and his desire to obtain employment.[1]  Since the court could have found from the evidence that Haskins had done nothing more than file the application, we

[1]If Haskins had told his client of the application and, if the client felt that it created a conflict of interest, Haskins could have submitted the matter to the court for decision before trial.  This would have avoided the risk that the court may have concluded that there was a conflict and ordered a new trial.

find no merit in Turner's contention that the court erred in failing to find that there was a conflict of interest.

This brings us to the issue of the exclusion of Turner's evidence of Haskins' alleged instances of ineffective assistance of counsel at trial. Turner sought to introduce this evidence in support of his motion for a new trial. Citing Walker v. Mitchell, 224 Va. 568, 299 S.E.2d 698 (1983), the trial court refused to hear this evidence on the ground that it was admissible only in subsequent habeas corpus proceedings.

Turner contends, however, that the court failed in its duty to inquire into the conflict and to determine its effect on his right to the effective assistance of counsel. This contention assumes that there was a conflict of interest, and that the court did not inquire into that conflict. As we have noted, the record shows that the court considered evidence and argument on the conflict of interest issue. As we have already indicated, we find no error in the court's ruling that the evidence was insufficient to establish such a conflict.

Accordingly, the court ruled correctly that the issues raised by Turner's claim of the ineffective assistance of counsel should be decided in habeas corpus proceedings. As we noted in Walker, "in the interests of both the Commonwealth and the accused, the ends of justice dictate the adoption of a rule restricting to habeas corpus proceedings the litigation of

7

claims of ineffective assistance of counsel." Id. at 570, 299 S.E.2d at 699. Thus, we reject Turner's contention that the court erred in excluding his evidence of the alleged ineffective assistance of counsel. This rejection is without prejudice to Turner's right to raise these issues in a later habeas proceeding if he be so advised.

Accordingly the judgment of the trial court will be

Affirmed.

JUSTICE KOONTZ, with whom JUSTICE HASSELL joins, dissenting.

I respectfully dissent.

"It is axiomatic that an accused, when placed upon trial for his life or liberty, is to have thrown around him every safeguard known to the law, in order that he may be afforded a fair and impartial trial." Brown v. Commonwealth, 138 Va. 807, 816, 122 S.E. 421, 424 (1924). The right to a fair and impartial trial "lies at the very basis of organized society and confidence in our judicial system." Temple v. Moses, 175 Va. 320, 336, 8 S.E.2d 262, 268 (1940); see also Cantrell v. Crews, 259 Va. 47, 50-51, 523 S.E.2d 502, 503-04 (2000).

Those trained in the law and rightfully possessing unfaltering confidence in our judicial system to afford a fair trial to a defendant, even under the unusual circumstances of this case, will understand the majority's opinion. I have no doubt, however, that those trained in the law would not

8

knowingly choose to be tried under the same circumstances as the defendant. The line between a mere potential conflict of interest and an actual conflict here is too thin and subtle; most defendants, if not all, would seek new counsel. Those not trained in the law would be even more inclined to do so. Nevertheless, I cannot join the majority opinion because, in my view, the facts of this case clearly represent a circumstance calculated to undermine society's confidence in our judicial system.

The Commonwealth appointed Haskins as Turner's counsel. Fourteen days before trial, Haskins applied for employment with the Commonwealth's Attorney who was prosecuting Turner. Haskins knew that his application was under consideration by the Commonwealth's Attorney during Turner's trial. Nevertheless, Haskins made no disclosure of these circumstances to Turner until after the trial and before Turner was sentenced. Thus, Haskins denied Turner the opportunity to seek new counsel if he had so desired. No defendant should unknowingly be tried under such circumstances.

Undoubtedly, it would be incomprehensible to the public that a defendant's right to a fair trial was not seriously compromised in a case, such as here, where the Commonwealth appoints an attorney to represent the defendant and during the trial that attorney is actively seeking employment with the

9

prosecuting attorney. Public confidence in the judicial system rests, at least in part, on the proposition that one's attorney has undivided loyalty. Even the appearance of a conflict of interest undermines that confidence. In short, the present case, in my view, is a "textbook" example of what should not be permitted regardless of how effectively the court-appointed attorney may represent the defendant.

Accordingly, I would hold as a matter of law that Turner was denied his right to a fair trial and that the trial court erred in not granting him a new trial.