COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


JUMA AKILI WHITFIELD

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2359-99-1              JUDGE RICHARD S. BRAY
                                           OCTOBER 10, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dean W. Sword, Jr., Judge

              Andrew G. Wiggin (Donald E. Lee, Jr. and
              Associates, on briefs), for appellant.

              Richard B. Smith, Senior Assistant Attorney
              General (Mark L. Earley, Attorney General,
              on brief), for appellee.


     Juma Akili Whitfield (defendant) was convicted in a bench

trial of "carjacking," a violation of Code § 18.2-58.1.  On

appeal, he complains the court erroneously 1) failed to inquire

into a possible "conflict" between himself and his attorney, 2)

permitted the Commonwealth to introduce hearsay evidence, and 3)

convicted him upon insufficient evidence.  Finding no error, we

affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  In accordance with well established

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

principles, we consider the evidence in the light most favorable to the Commonwealth.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In the early morning hours of March 28, 1999, defendant and his girlfriend, Arnae Mackey, approached Christopher Seeds (Seeds), then operating his car at a stoplight in the City of Portsmouth, and asked for a "ride" to a nearby "gas station." Seeds "used to give [defendant] a ride to school," and acceded to his request.  After stopping at the station, the three proceeded towards Seeds' home.  In route, defendant "grabbed" Seeds from behind, placed a "12 to 14 inch" knife to his throat and instructed him to stop the car.  After Mackey searched Seeds' pockets at defendant's direction, defendant "pull[ed] [Seeds] out the . . . door," "dragged" him to the rear of the vehicle, and ordered him into the trunk.  When Seeds pleaded with defendant "to let [him] go," defendant "brought his arm down" and Seeds "took off running."  Defendant then entered the car and fled, accompanied by Mackey.

During the pretrial colloquy between defendant and the court, defendant confirmed that he was "ready for trial," but, without explanation, declined to answer the inquiry, "are you satisfied with the services of your attorney?"  In response, the court referenced defendant's prior motion for substitution of counsel and related hearing several weeks earlier and expressly declined to "go behind [the resulting] order" denying the requested

-

relief.[1]  Neither defendant nor his counsel then objected to the trial court's ruling or otherwise pursued the issue.  A transcript of the previous hearing is not a part of the instant record.

Defendant first contends the court erroneously neglected to inquire into the "conflict of interest" suggested by his unwillingness to voice satisfaction with the services of his attorney.  However, absent a transcript of the earlier hearing, we are unable to properly consider the issue, a deficiency exacerbated by defendant's silence following the comments of the trial court.  It is the responsibility of the defendant to provide this Court a record of the proceedings on appeal sufficient to facilitate appellate review.  See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).  Thus, on the record before us, we are unable to find error in the trial court.

Defendant's reliance upon Carter v. Commonwealth, 11 Va. App. 569, 400 S.E.2d 540 (1991), and Dowell v. Commonwealth, 3 Va. App. 555, 351 S.E.2d 915 (1987), in support of a contrary result is misplaced.  Both Carter and Dowell instruct that "'a trial court has a duty to conduct further inquiry to determine if an actual conflict exists'" between an accused and counsel, once "'the possibility of a conflict of interest is apparent,'" a "'probable risk . . . brought to [the] court's attention.'"  Carter, 11 Va.

---

[1] The record does not reflect an order specifically addressing the prior motion, but defendant acknowledges the procedural history on brief.

-

App. at 573, 400 S.E.2d at 543 (quoting Dowell, 3 Va. App. at 559, 561, 351 S.E.2d at 917, 918) (emphasis added). In distinct contrast, the instant record reflects no "apparent" or "probable" conflict of interest.

Defendant next complains the court erroneously admitted the "hearsay testimony" of Detective David L. Lodge recounting a statement given Lodge by Mackey. However, during the disputed testimony, defense counsel complained only, "I'm going to further object to this," without articulating a basis for the objection. "It is the duty of a party . . . when he objects to evidence to state the grounds of his objections, so that the trial judge may understand the precise question . . . he is called upon to decide." Simmons v. Commonwealth, 6 Va. App. 445, 450, 371 S.E.2d 7, 10 (1988) (citation omitted). Accordingly, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Rule 5A:18).

Finally, defendant challenges the sufficiency of the evidence to support the conviction. However, defendant concedes on brief that "the weight of the evidence would be for a finding of guilt," if the record includes the testimony of Mackey's statements to Detective Lodge. We agree and, having decided that such statements are not erroneously in evidence, find the record sufficient to support the conviction.

-

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>
