COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman,[*] Elder and Annunziata
Argued at Richmond, Virginia


RAYMONT TASCO

                                        MEMORANDUM OPINION[**] BY
v.    Record No. 2946-99-2            JUDGE LARRY G. ELDER
                                           JANUARY 9, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                     Robert G. O'Hara, Jr., Judge

            Jacqueline Waymack (Butterworth & Waymack, on
            brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Raymont Tasco appeals from a judgment of the Hopewell

Circuit Court convicting him of possessing cocaine with intent

to distribute.  He contends the trial court abused its

discretion by failing to appoint him new counsel after his

lawyer decided to testify on his behalf and that the evidence

was insufficient to convict him.  Upon review, we conclude that

appellant has failed to show that he was prejudiced when the

---

     [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

trial court appointed defense counsel's partner to replace defense counsel when she decided to testify.  We also find that appellant has failed to establish that the judge's ruling impaired appellant's right to counsel under the Sixth Amendment.  Finally, the Commonwealth's evidence was sufficient to convict appellant of possessing crack cocaine with intent to distribute.  Accordingly, we affirm the judgment of the trial court.

I.

Upon the commencement of appellant's trial, the Commonwealth called Officer Pisarek, who, in the course of his testimony, stated that he saw appellant make a throwing motion while he was pursuing appellant.  Pisarek testified that, after appellant was apprehended, he returned to the area where he saw appellant make this motion and he recovered a bag containing a quantity of crack cocaine.

Before beginning her cross-examination of Pisarek, defense counsel announced that there was a discrepancy between the officer's trial testimony and his testimony at appellant's preliminary hearing.  Defense counsel proffered that Pisarek had not testified at the preliminary hearing that appellant made a throwing motion during the pursuit.  She moved to withdraw so she could testify regarding these inconsistencies on appellant's behalf.

The trial court declined to permit defense counsel to withdraw.  Instead, the court continued the trial for two months

-

and directed that defense counsel's law partner represent appellant at trial if it was necessary for defense counsel to testify.

When the trial resumed, defense counsel's partner renewed the motion to withdraw citing the ethical dilemma posed by the law partnership continuing to represent appellant when one of the partners would be testifying on appellant's behalf. The court denied the motion, expressing a reluctance to change attorneys mid-trial and reiterating its belief that the arrangement of having defense counsel's partner defend the case was the best way to protect appellant's rights.

Defense counsel subsequently testified that Pisarek did not mention appellant making a throwing motion when the officer testified at the preliminary hearing.

In finding the evidence sufficient to convict appellant, the trial court made no specific reference to the credibility of defense counsel's testimony.

## A. <u>Violation of Disciplinary Rules</u>

Appellant contends the trial court's refusal to permit his defense counsel's law firm to withdraw resulted in a violation of the Disciplinary Rules and prejudiced him because defense counsel's need to testify created a conflict of interest that interfered with counsel's ability to zealously represent him.

The Disciplinary Rules, which are incorporated into the Rules of the Supreme Court of Virginia, "state the minimum level

-

of conduct below which no lawyer can fall without being subject to disciplinary action."  Preamble, Section II Va. Code of Prof. Resp.[1]  Although the Disciplinary Rules are "mandatory in character," Preamble, Section II Va. Code of Prof. Resp., this Court and the Supreme Court of Virginia have questioned "'the propriety of equating the force of a disciplinary rule with that of decisional or statutory law'" in state court proceedings. Fisher v. Commonwealth, 26 Va. App. 788, 794, 497 S.E.2d 162, 165 (1998) (quoting Shuttleworth, Ruloff, Giordano, P.C. v. Nutter, 254 Va. 494, 498, 493 S.E.2d 364, 366 (1997)); cf. Wheat v. United States, 486 U.S. 153, 160 (1988) (holding that "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the [legal] profession" (emphasis added)).

When a lawyer concludes she must testify on behalf of her client, she "shall withdraw from the conduct of the trial and [her] firm, if any, shall not continue representation in the trial, except that [she] may continue the representation and [she] or a lawyer in [her] firm may testify in the circumstances enumerated in DR:5-101(B)(1) through (3)."  DR:5-102(A).  An attorney need not withdraw if 1) the testimony relates to a substantially uncontested matter; 2) it pertains to the value of

---

[1] The Virginia Code of Professional Responsibility was replaced by the Rules of Professional Conduct, effective January 1, 2000.  Because this case was tried in 1999, we will analyze this issue using the rules in force at the time.

-

legal services provided; or 3) withdrawal would work an undue hardship on the client. DR:5-101(B)(1) through (3). A trial court's refusal to permit counsel to withdraw mid-trial in order to testify on behalf of her client will not be reversed absent an abuse of discretion. Fisher, 26 Va. App. at 794, 497 S.E.2d at 165 (holding that the trial court did not abuse its discretion in refusing to permit counsel to withdraw and testify to impeach a police officer where defense counsel had failed to lay the proper foundation for such testimony); People v. Cain, 303 N.E.2d 756, 759 (Ill. App. 1973) (holding that although it is generally improper for an attorney to testify on behalf of his client, the defendant failed to establish prejudice where the attorney's testimony was favorable to the defendant).

Appellant claims that defense counsel's decision to testify without her firm being allowed to withdraw resulted in a prejudicial conflict of interest. "The burden of establishing an alleged conflict of interest between an attorney and his client is upon the person who asserts such a conflict." Turner v. Commonwealth, 259 Va. 816, 819, 528 S.E.2d 112, 114 (2000). "An actual conflict of interest exists when the attorney's interests and the defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action.'" Moore v. Hinkle, 259 Va. 479, 487, 527 S.E.2d 419, 424 (2000) (citation omitted). Where a criminal defendant establishes the existence of an actual conflict of interest, then prejudice is

-

presumed.  Id. (finding no conflict even though the defense attorney's attention to personal matters had been to the detriment of counsel's representation of the defendant); Carter v. Commonwealth, 16 Va. App. 42, 48, 427 S.E.2d 736, 740 (1993)[2] (finding that the defendant had presented no proof "of any undisclosed misconduct by defense counsel that constituted a conflict of interest that prevented them from vigorously defending their client").

Appellant has failed to demonstrate how defense counsel's decision to testify on his behalf created an actual conflict of interest between him and his attorneys.  He has never articulated how this decision interfered with the attorneys' ability to zealously represent him.  Moreover, the court granted appellant a two-month continuance, during which time defense counsel's partner had the opportunity to adequately prepare for trial.  Cf. Fish v. Commonwealth, 208 Va. 761, 766-67, 160 S.E.2d 576, 580 (1968) (finding prejudicial error where, after defense counsel testified on the defendant's behalf, the trial court ordered that defense counsel's partner make closing arguments in the trial without giving the partner a sufficient

---

[2] This was an appeal following remand.  In Carter v. Commonwealth, 11 Va. App. 569, 400 S.E.2d 540 (1991), the Court remanded the case to the trial court to conduct a hearing to determine the nature and extent of the alleged conflict of interest.  Appellant has requested no such hearing and has not challenged the sufficiency of the trial court's inquiry (just its conclusion).

opportunity to prepare).  We will not presume that a conflict of interest arose based solely on the possible violation of the Disciplinary Rules.  See Carter, 16 Va. App. at 48, 427 S.E.2d at 740.

Appellant's contention that he was prejudiced because the trial court discounted defense counsel's testimony is also unpersuasive.  Not only did appellant fail to present this argument to the trial court, see Rule 5A:18, but also the record does not conclusively demonstrate that the court found--as appellant asserts in his brief--that defense counsel lied on the stand.  Defense counsel's testimony was consistent with Pisarek's police report, in which no mention was made of a throwing motion.  Pisarek never claimed that he testified about the throwing motion at the preliminary hearing.  The trial court could have found that Pisarek neglected to mention the throwing motion at the preliminary hearing and yet still have accepted the officer's trial testimony that he witnessed appellant make a throwing motion.  Appellant's claim of prejudice is without adequate support in the record.

Accordingly, appellant has failed to establish the trial court abused its discretion.[3]

_____

[3] It clearly would have been preferable for defense counsel to have cross-examined Pisarek before attempting to withdraw to testify.  Neither party ever asked the officer whether he mentioned the throwing motion at the preliminary hearing.  Had he been asked, he may well have admitted that he did not mention

-

## B.  Sixth Amendment

"The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal trial the right to effective assistance of counsel."  Pender v. Angelone, 257 Va. 501, 503, 514 S.E.2d 756, 756-57 (1999).  The right to the effective assistance of counsel is separate and distinct from a defendant's right to counsel.  Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994).

This case does not involve denial of appellant's right to counsel, for when defense counsel testified, her partner was present, assisting appellant.  Cf. id. at 298-99, 452 S.E.2d at 362 (holding that the defendant was denied his right to counsel when the court ordered defense counsel to testify at a hearing and no one was assisting the defendant while his lawyer was testifying).  And to the extent appellant claims that he was denied effective assistance of counsel, it is clear that such a claim may not be raised on direct appeal to this Court.  Code § 19.2-317.1, which allowed direct appeal of claims of ineffective assistance of counsel under certain circumstances, was repealed in 1990.  See 1990 Va. Acts, ch. 74; Walker v. Mitchell, 224 Va. 568, 299 S.E.2d 698 (1983).  Accordingly, we do not reach this issue.

---

the throwing motion, thus obviating the need for counsel to testify.

-

II.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). We regard as true all credible evidence that is favorable to the Commonwealth. Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). "This Court does not substitute its judgment for that of the trier of fact, and the trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citation omitted).

Thus viewed, the evidence proved that Officer Pisarek was working with Trooper Garrett when he observed appellant standing next to a car, talking to the vehicle's driver. Appellant had an open beer bottle in one hand and money in the other. After appellant took a drink from the bottle, Pisarek approached with the intention of charging appellant with drinking in public. Upon seeing Pisarek and Garrett approach, the driver of the car got a concerned look on her face and drove off quickly.

Pisarek informed appellant that he was going to issue appellant a summons for drinking in public. During a pat-down of appellant's outer clothing, Pisarek felt a wad of money and a plastic bag containing "several rock-like objects" in

-

appellant's pants pocket.  Concluding that appellant possessed crack cocaine, Pisarek alerted Garrett, began to try to handcuff appellant, and informed appellant that he was under arrest.

Appellant broke free of Pisarek and fled.  The officers pursued appellant, with Garrett circling around the block to cut off appellant's path of retreat.  Pisarek testified that as he pursued appellant through the backyard of a vacant residence, he saw appellant reach into his pants pocket, remove his hand, extend his arm, and drop a small dark item to the ground.  As appellant ran into the driveway of the vacant house, Garrett arrived and appellant halted his flight.  Other than law enforcement officers, appellant was the only person on the property.  Pisarek asserted that he never lost sight of appellant during the pursuit.

After appellant was secured, Pisarek returned to the spot where appellant had made the throwing motion.  There, he recovered a plastic bag that contained forty-six individually-packaged pieces of crack cocaine.  Upon searching appellant's person, Officer Hunter recovered $256 in cash and a plastic bag containing a rock of crack cocaine.  This cocaine was packaged in a manner that appeared identical to some of the crack cocaine found by Pisarek.

Garrett testified that Pisarek informed him about appellant making the throwing motion and recovering the bag of drugs. Pisarek admitted that, in his written police report, he made no

-

reference to appellant making a throwing motion, or going back afterwards and locating the bag of drugs. Garrett and Pisarek's testimony differed on a number of points, including the timing of and purpose for bringing in a drug-sniffing police dog.

"Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [trier of fact], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). "The conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc) (citation omitted).

In assessing credibility, the trial court may accept that part of a witness' testimony it believes and reject that part it concludes is implausible. Id.

> The fact that a witness makes inconsistent statements in regard to the subject matter under investigation does not render his testimony nugatory or unworthy of belief. It is the province of the trier of the facts . . . "to pass upon such inconsistent statements and give or withhold their assent to the truthfulness of the particular statement." It is firmly imbedded in the law of Virginia that the credibility of a witness who makes inconsistent statements on the stand is a question . . . for the trial

-

court as a trier of the facts sitting
without a jury.

Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989) (citation omitted).

Pisarek said he saw appellant make a throwing motion during the pursuit and that, upon returning to the area, he found a bag containing crack cocaine there.  Garrett confirmed that Pisarek told him about the throwing motion and recovering the drugs. There was no evidence that Pisarek planted the drugs, and appellant was the only person who had been seen in the vicinity where Pisarek recovered the narcotics.  See Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc) (holding that the Commonwealth "is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed drugs"); Powell v. Commonwealth, 27 Va. App. 173, 178, 497 S.E.2d 899, 901 (1998) (noting that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area).

While Pisarek made prior inconsistent or incomplete statements, and there were conflicts between his and Garrett's testimony, it was the responsibility of the trial court to judge the credibility of the witnesses.  The trial court, which was aware of the weaknesses in the Commonwealth's evidence, had the opportunity to view the witnesses as they testified and judge their demeanor.  We cannot say, as a matter of law, that

-

Pisarek's trial testimony was inherently incredible or otherwise unworthy of belief.  We will not, therefore, disturb appellant's conviction.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>