COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


ALFONZIA ARMSTEAD

                                    MEMORANDUM OPINION* BY
v.    Record No. 1788-00-4       JUDGE JEAN HARRISON CLEMENTS
                                          MAY 29, 2001
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jane Marum Roush, Judge

            Michael F. Devine (Devine & Connell, P.L.C.,
            on brief), for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


    Appellant Alfonzia Armstead was convicted in a jury trial of

statutory burglary in violation of Code § 18.2-89, two counts of

abduction in violation of Code § 18.2-47, robbery in violation of

Code § 18.2-58, and attempted robbery in violation of Code

§§ 18.2-58 and 18.2-26.[1]  On appeal, he contends the trial court

erred (1) in denying his attorney's motions for a mistrial and for

leave to withdraw as counsel and (2) in instructing the jury that

it could find him guilty of burglary if he possessed an intent to

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Armstead was found not guilty of rape in violation of Code
§ 18.2-61, use of a firearm in the commission of robbery in
violation of Code § 18.2-53.1, and use of a firearm in the
commission of abduction in violation of Code § 18.2-53.1.

"commit a felony or any larceny."  Finding no error, we affirm appellant's convictions.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal.

### A.  MOTIONS FOR A MISTRIAL AND TO WITHDRAW AS COUNSEL

On the afternoon of the first day of trial, the Commonwealth unexpectedly called Brian Brown as a witness.[2]  Brown testified on direct examination that on the evening before trial he and Armstead had a conversation in the jail in which Armstead asked Brown to kill the victim, Mary Mattingly, or at least kidnap or detain her until the trial was over.  Brown also testified about his extensive criminal record.

Shortly after cross-examination began, Armstead's court-appointed public defender informed the trial court that there might be a conflict of interest if Brown was represented by the Public Defender's Office on his pending embezzlement charge.  Following inquiry by counsel and the trial court, it was determined, based on Brown's testimony, that no attorney had been appointed for Brown, and cross-examination continued.

---

[2] Brown, who had been released from jail on bond the night before, came to court voluntarily and, without prior notice to the Commonwealth, offered to testify.

Armstead's attorney thoroughly questioned Brown about his allegations and his criminal record. Armstead's counsel also questioned Brown about the lie he told counsel during a brief out-of-court discussion earlier that day and about Brown having given police a false name upon one or more of his earlier arrests. Brown admitted having lied to Armstead's attorney when they met earlier about how long he had known Armstead and acknowledged that he had given police a false name one time. At the conclusion of Brown's testimony, the trial judge inquired, "Is he subject to recall?" Both parties responded that he was not, and Brown was released as a witness, without objection.

On the morning of the second day of trial, Armstead's attorney moved for a mistrial and for leave to withdraw as counsel, asserting there was a conflict of interest because he had discovered that another attorney in the Public Defender's Office was representing Brown on his pending embezzlement charge and that other attorneys in the Public Defender's Office had represented Brown on prior charges. Armstead refused to waive the asserted conflict. The trial court denied the motions nonetheless.

Armstead argues on appeal that the trial court erred in denying the motions for a mistrial and to withdraw as counsel because an actual conflict of interest existed in that Brown's files in the Public Defender's Office were replete with information that could have been used at trial to effectively

impeach Brown's credibility. Armstead's trial counsel, however, was precluded by his ethical obligations, Armstead's argument continues, from using this information to cross-examine Brown at trial and from obtaining Brown's reappearance to conduct a more thorough examination. Therefore, the independent judgment of Armstead's trial counsel in representing Armstead was, according to Armstead, adversely affected by the Public Defender's Office's representation of Brown.

"On appeal the denial of a motion for a mistrial will not be overruled unless there exists a manifest probability that the denial of a mistrial was prejudicial." Harward v. Commonwealth, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988). Whether an indigent defendant's court-appointed attorney should be permitted to withdraw is a matter that lies within the sound discretion of the trial court, and its ruling will not be reversed on appeal unless it is plainly wrong. Payne v. Commonwealth, 233 Va. 460, 473, 357 S.E.2d 500, 508 (1987).

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal trial the right to effective assistance of counsel, which includes the right to representation that is free from conflicts of interest. See Cuyler v. Sullivan, 446 U.S. 335, 345-50 (1980). "An actual conflict of interest exists when the attorney's interests and the defendant's interests 'diverge with respect to a material factual or legal issue or to a

- 4 -

course of action'" or "where counsel has responsibilities to other clients or personal concerns that are actively in opposition to the best interests of the defendant." Moore v. Hinkle, 259 Va. 479, 487-89, 527 S.E.2d 419, 423-24 (2000) (quoting Cuyler, 446 U.S. at 356 n.3). "[I]f the defendant shows that his counsel actively represented actual conflicting interests that adversely affected his counsel's performance, prejudice is presumed." Carter v. Commonwealth, 11 Va. App. 569, 573, 400 S.E.2d 540, 543 (1991). "The burden of establishing an alleged conflict of interest between an attorney and his client is upon the person who asserts such a conflict." Turner v. Commonwealth, 259 Va. 816, 819, 528 S.E.2d 112, 114 (2000).

In Lux v. Commonwealth, 24 Va. App. 561, 574-75, 484 S.E.2d 145, 151-52 (1997), we declined to adopt a per se rule of disqualification of an entire Commonwealth's Attorney's Office when defendant's former attorney was employed by that office. Rather, the Commonwealth was required to show that defendant's former attorney had been "effectively screened from contact with the Commonwealth's attorneys working on the defendant's case." Similarly, we decline here to adopt a per se rule of disqualification of an attorney of the Public Defender's Office solely because other attorneys in the office have represented or are representing a witness testifying against the defendant.

- 5 -

Armstead's contention that his attorney had an actual conflict of interest and that it adversely affected his attorney's performance is unpersuasive. Armstead's counsel never represented Brown. No members of the Public Defender's Office represented Brown on the matters before the trial court in Armstead's case. Armstead's attorney's cross-examination of Brown was completed and Brown was released as a witness before Armstead's attorney discovered the alleged conflict. The cross-examination was vigorous and thorough, detailing Brown's extensive criminal record and revealing two instances of admitted lying.

We conclude, therefore, that Armstead failed to show that his counsel actively represented actual conflicting interests that adversely affected his counsel's performance. Hence, we hold that there does not exist a manifest probability that the denial of a mistrial was prejudicial. We further hold that the trial court did not abuse its discretion in ruling as it did and its rulings were not plainly wrong. Accordingly, the trial court did not err in denying the subject motions for a mistrial and to withdraw as counsel.

## B. JURY INSTRUCTION ON BURGLARY

Armstead also contends the trial court erred because the finding instruction of burglary did not specifically identify the

predicate offense of intent.[3]  In support of this contention,

Armstead argued at trial that the Commonwealth was required to

---

[3] The trial court gave the jury the following instruction:

INSTRUCTION NO. 3

The Court instructs the jury that the defendant is charged with the crime of burglary while armed.  The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1)  That the defendant broke and entered the dwelling house of another; and

(2)  That he did so in the nighttime; and

(3)  That he did so with the intent to commit a felony or any larceny therein; and

(4)  That at the time of his entry he was armed with a deadly weapon.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense, then you shall find the defendant guilty [of] burglary while armed with a deadly weapon, but do not fix punishment until you receive further instructions from the Court.

If the only element which the Commonwealth has failed to prove beyond a reasonable doubt is that the defendant was armed with a deadly weapon at the time of his entry, then you shall find the defendant guilty of burglary, but do not fix punishment until you receive further instructions from the Court.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the other elements of the offense,

elect one predicate offense of intent.  He concedes now, however,
that the Commonwealth was not required to choose only one offense
among the several felonies with which he was charged as the
predicate offense for intent to commit burglary.  Rather, the
instruction given by the trial court, Armstead now argues for the
first time, should have specifically identified each charged
felony that might have constituted the predicate intent offense.
Armstead also argues for the first time on appeal that the trial
court gave no instruction distinguishing a felony from lesser
offenses.

"The Court of Appeals will not consider an argument on appeal
which was not presented to the trial court."  Ohree v.
Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998);
see also Rule 5A:18.  The purpose of this rule is to ensure that
the trial court and opposing party are given the opportunity to
intelligently address, examine, and resolve issues in the trial
court, thus avoiding unnecessary appeals.  See Lee v. Lee, 12 Va.
App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Kaufman v.
Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, Armstead did not raise either of his present arguments
in the trial court.  His arguments are therefore procedurally
barred on appeal by Rule 5A:18.  Furthermore, our review of the

---

then you shall find the defendant not
guilty.

record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>